## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

GLORIA DENTON                                                                    PLAINTIFF

v.                                        Case No. 4:12-cv-00191 KGB

CONVEYOR TECHNOLOGY
  And JUSTIN CARMODY                                                           DEFENDANTS

## ORDER

Before the Court is defendants' motion to compel (Dkt. No. 20).  Plaintiff Gloria Denton has responded.  For the reasons that follow, defendants' motion is granted in part and denied in part.

Ms. Denton alleges she was employed by Conveyor Technology and Justin Carmody from October 2010 through January 2012.  She claims that Conveyor Technology and Mr. Carmody violated the Fair Labor Standards Act ("FLSA") by failing to compensate her for all hours worked.  On or about October 3, 2012, Conveyor Technology and Mr. Carmody propounded written discovery to Ms. Denton seeking information regarding her medical history. She has refused to produce the requested information, claiming that her medical history is not relevant to the issues in this case and that Conveyor Technology's and Mr. Carmody's requests are overly broad.

Interrogatory No. 1 asks Ms. Denton to describe in detail her medical history during her lifetime.  It also seeks the full names and addresses of each hospital, medical doctor and/or other practitioner of the healing arts who has examined or treated Ms. Denton in the last ten years, and the dates and reasons for each examination or treatment.  Request for Production No. 1 seeks a medical authorization for her medical records and the names of her medical providers.

Conveyor Technology and Mr. Carmody argue that Ms. Denton's medical records are relevant to her claim that she was not paid for all hours worked.  They contend that Ms. Denton took time off for back surgery and other medical procedures while employed.  The FLSA requires an employer to compensate an employee for all hours worked.  *Copeland v. ABB, Inc.*, 521 F.3d 1010 (8th Cir. 2008).  Time spent receiving medical attention does not constitute hours worked unless it is on the employer's premises or at the direction of the employer during the employee's normal working hours on days when he is working.  *See id.* (citing 29 C.F.R. § 785.43).  The information requested by Conveyor Technology and Mr. Carmody is, therefore, reasonably calculated to lead to the discovery of admissible evidence on the issue of hours worked.

Ms. Denton argues that Conveyor Technology and Mr. Carmody should not be allowed to use her medical history to determine the amount of time she was off work for medical reasons when it failed to keep accurate records of the hours worked by its employees.  The Court acknowledges that under *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946), the burden is on the employer to come forward with evidence of the precise amount of work performed when the employer fails to comply with its record-keeping obligations under the FLSA.  However, Ms. Denton has cited no authority, and the Court is not aware of any, that prohibits an employer from obtaining relevant evidence under such circumstances.

For these reasons, Conveyor Technology and Mr. Carmody are entitled to the type of discovery they seek.  Ms. Denton's objection that the discovery requests are not reasonably calculated to lead to the discovery of admissible evidence is overruled.  However, the Court sustains her objection that the requests are overly broad with respect to time.  Ms. Denton is ordered to supplement her responses to Interrogatory No. 1 and Request for Production No. 1

and provide Conveyor Technology and Mr. Carmody with all necessary authorizations for the requested information for the period of October 2010 through January 2012 within ten days of the date of this Order.  Each party will bear its own costs and fees associated with filing and responding to this motion.  Ms. Denton's response requests a protective order to cover the production of these records.  If the parties are unable to agree to a reasonable protective order, Ms. Denton is directed to file a separate motion with the Court specific to the issue of the protective order.

SO ORDERED this 25th day of February, 2013.

_____
Kristine G. Baker
United States District Judge