IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GLORIA DENTON**                                                                  **PLAINTIFF**

vs.                          **No. 4:12-cv-191-KGB**

**CONVEYOR TECHNOLOGY & COMPONENTS, INC.,**        **DEFENDANTS**
Individually and d/b/a CONVEYOR TECHNOLOGY
AND COMPONENTS, INC., and JUSTIN CARMODY

**JUSTIN CARMODY**                                      **COUNTERPLAINTIFF**

vs.

**GLORIA DENTON**                                          **COUNTERDEFENDANT**

**OPINION AND ORDER**

Before the Court is defendant/counterplaintiff Justin Carmody's motion for default judgment against counterdefendant Gloria Denton (Dkt. No. 58). Mr. Carmody alleges that Ms. Denton is in default on his counterclaim.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

Here, the Court construed Mr. Carmody's motion for default judgment filed on May 29, 2013, as one for entry of default by the clerk of court and for entry of default by this Court. Accordingly, the Court referred the motion to the clerk of court for consideration (Dkt. No. 65). The Clerk entered a default (Dkt. No. 66). The Court will consider at the same time the motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Dkt. Nos. 58, 71) and Ms. Denton's responses in opposition to motion for default judgment, which the Court construes as motions to set aside the clerk's default (Dkt. Nos. 63, 69). The Court will also take up Mr. Carmody's motion to strike Ms. Denton's answer to the counterclaim (Dkt. No. 72).

A "default" occurs when a defendant fails to answer or respond to a complaint, or in this case a counterclaim, and an "entry of default" is what the clerk of the court enters when it is established that a defendant, or in this case a counterdefendant, is in default. *Roberts v. Kevmar Capital Corp.*, No. 4:11cv00681 BRW, 2012 WL 1193133 (E.D. Ark. April 10, 2012). The entry of default is a procedural step in obtaining a default judgment; it is not determinative of any rights. *Id.* Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." However, Federal Rule of Civil Procedure 55(c) states a court "may set aside an entry of default for good cause." The burden is on Ms. Denton here to establish good cause. *Stephenson v. El-Batawi*, 524 F.3d 907, 914 (8th Cir. 2008). To determine whether there is "good cause" to set aside a default judgment, the Eighth Circuit considers: "(1) whether the conduct of the defaulting party was blameworthy or culpable; (2) whether the defaulting party had a meritorious defense; and (3) whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

*See also Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001); *Winston v. Evans*, No. 5:08cv00204 JMM-HDY, 2009 WL 792466 (E.D. Ark. Mar. 23, 2009).

### A. Blameworthy or Culpable Conduct

The Court's analysis of whether to set aside the default begins with consideration of Ms. Denton's culpability for failure to make a timely response to the counterclaim. *See Mackie v. U.S. Mfg., Inc.*, 219 F.R.D. 639, 641 (N.D. Iowa 2004) (beginning the analysis by considering culpability). In *Sullivan*, the defendant delayed filing an answer to the complaint even after being warned of the consequences. The defendant had received notice of a hearing and a copy of the entry of default, yet he did not respond with a motion to set aside the default for over three weeks. *Sullivan & Associates, LLC v. Holladay*, No. 3:09cv00079 JLH, 2010 WL 582790 (E.D. Ark. Feb. 16, 2010). Judge Holmes determined that this failure to respond constituted more than a "marginal failure" to meet the pleading requirements. *Id.* Judge Holmes observed that "[t]he Eighth Circuit has rarely, if ever, excused 'contumacious or intentional delay or disregard for deadlines and procedural rules,' but has often granted relief for 'marginal failures where there were meritorious defenses and an absence of prejudice.'" *Sullivan*, 2010 WL 582790, at *2 (quoting *Johnson*, 140 F.3d at 784).

Like the defendant in *Sullivan*, here Ms. Denton does not deny receipt of the counterclaim. Indeed, she filed a motion to dismiss the counterclaim, which this Court denied. After receiving the Court's order denying her motion to dismiss the counterclaim, Ms. Denton failed to respond until confronted with Mr. Carmody's motion for default judgment. Immediately, upon receiving the motion for default judgment, Ms. Denton responded by answering the counterclaim (Dkt. No. 62). She also responded the next day to the motion for

default judgment (Dkt. No. 63) and, when the Court afforded an opportunity for all parties to supplement briefings regarding the default, did so in a timely manner (Dkt. No. 69).

### B.     Meritorious Defense

A meritorious defense is one that would permit a finding for the defaulting party. *Sullivan,* 2010 WL 582790, at *3 (citing *Johnson,* 140 F.3d at 785).  Courts must consider "whether there is some possibility that the outcome. . . after a full trial will be contrary to the result achieved by the default." *Id.* (citing *Stephenson,* 524 F.3d at 914).  In order for the court to set aside the entry of default, the court must have before it more than just mere allegations that a defense exists, the defaulting party must show cause for why the entry should be set aside. *Id.* "The underlying concern is. . . whether there is some possibility that the outcome. . . after a full trial will be contrary to the result achieved by the default." *Stephenson*, 524 F.3d at 914,  (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (per curiam) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2697 (2d ed. 1983)).  In *Fink,* the court determined that even though defendants raised two affirmative defenses in their answer, "bald allegation[s]. . . without the support of facts underlying the defense, will not sustain the burden of the defaulting party to show cause [for] why the entry of default should be set aside; the trial court must have before it more than mere allegations that a defense exists." *Fink v. Swisshelm*, 182 F.R.D. 630, 633 (D. Kan. 1998) (followed by *Stephenson,* 524 F.3d at 914).  In *Winston,* Judge Moody applied "the more lenient standard for setting aside a default" even though the defendant's defenses were not clear at the time. *Winston,* at *1.  However, in both *Fink* and *Winston*, the defendants had at the very least filed an answer, even though it was not timely filed, denying the plaintiff's allegations. *Id.*

This Court concludes that Ms. Denton has demonstrated through her filings that there is some possibility that the outcome, after a full trial, will be contrary to the result achieved by the default.

### C.      Prejudice

Ms. Denton has the burden of proving that Mr. Carmody would not be prejudiced if the motion to set aside were granted.  *Sullivan,* 2010 WL 582790, at *4.  In *Stephenson*, the court found that "delay alone, or the fact that the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff."  *Stephenson*, 524 F.3d at 915 (citing *Johnson*, 140 F.3d at 785).  For the court to set aside an entry of default, that action must prejudice Mr. Carmody "in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (per curiam)).

Here, given that all parties have worked this case up for a trial on the merits set to start Monday, June 3, 2013, intend to dispute the intertwined and related facts underlying Ms. Denton's claims and Mr. Carmody's counterclaim at trial, and until a matter of days prior to trial were unaware of the possibility of a default, the Court determines that Mr. Carmody would suffer little, if any, hardship or prejudice as a result of a Court order allowing Ms. Denton to defend on the merits against Mr. Carmody's allegations in his counterclaim.

* * *

After weighing all three factors, the Court elects to set aside the entry of default as to Ms. Denton on Mr. Carmody's counterclaim.  Ms. Denton has shown that her conduct in defaulting is more closely akin to a marginal failure as opposed to contumacious or intentional delay or disregard for deadlines and procedural rules, that she can present a meritorious defense, and that

Mr. Carmody would not be prejudiced in setting aside the default. For these reasons, Mr. Carmody's motion for default judgment against Ms. Denton is denied (Dkt. Nos. 58, 71), and Ms. Denton's request to set aside the clerk's default is granted.

For these same reasons, the Court denies Mr. Carmody's motion to strike Ms. Denton's answer to the counterclaim, but the Court takes under advisement Mr. Carmody's request to strike Ms. Denton's affirmative defenses raised in her answer to the counterclaim (Dkt. No. 72).

SO ORDERED this the 1st day of June, 2013.

*/s/ Kristine G. Baker*

Kristine G. Baker
United States District Judge