IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLORIA DENTON                                                                                          PLAINTIFF

v.                                              No. 4:12CV00191 KGB

CONVEYOR TECHNOLOGY & COMPONENTS, INC.,
Individually and d/b/a CONVEYOR TECHNOLOGY
AND COMPONENTS, INC., and JUSTIN CARMODY                               DEFENDANTS

## ORDER

Before the Court is plaintiff Gloria Denton's motion *in limine* (Dkt. No. 51). Defendants have responded, and Ms. Denton has filed a reply. The Court heard additional argument on the motion during the May 31, 2013, pretrial conference.

1.  Ms. Denton seeks to exclude evidence relating to Ms. Denton's husband and their marital status and relationship, as well as Ms. Denton's past marriage and divorce. Ms. Denton's request is denied to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

2.  Ms. Denton seeks to exclude evidence related to Ms. Denton purportedly having a live-in boyfriend, about the relationship ending, her boyfriend's work, and her boyfriend's criminal record. Ms. Denton's request is denied to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

3.  Ms. Denton seeks to exclude evidence related to Ms. Denton's boyfriend allegedly taking items from the Yates's home and taking or buying a manure spreader from the

Yates. That request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

4. Ms. Denton seeks to exclude evidence relating to the Yates paying for internet access even though the Yates did not use the internet. Ms. Denton's request is denied to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

5. Ms. Denton seeks to exclude evidence relating to Ms. Denton taking or being given dog food, horse feed, and groceries from or by Mr. and Mrs. Yates. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. The Court raised with counsel at the pretrial the issue of how items allegedly taken from the Yates's residence or costs expended by the Yates could serve as compensation or setoff, when Ms. Denton was employed by defendants and not the Yates. Given the Court's concerns, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any other purpose.

6. Ms. Denton seeks to exclude evidence relating to Ms. Denton borrowing Mr. Yates's Cadillac and the gas bill increasing. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. The Court raised with counsel at the pretrial the issue of how items allegedly taken from the Yates's residence or costs expended by the Yates could serve as compensation or

setoff, when Ms. Denton was employed by defendants and not the Yates. Given the Court's concerns, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any other purpose.

7. Ms. Denton seeks to exclude evidence relating to any claim for compensation or setoff for Mr. Yates picking up and taking Ms. Denton from the Yates's residence. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. The Court raised with counsel at the pretrial the issue of how items allegedly taken from the Yates's residence or costs expended by the Yates could serve as compensation or setoff, when Ms. Denton was employed by defendants and not the Yates. Given the Court's concerns, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any other purpose.

8. Ms. Denton seeks to exclude evidence relating to Ms. Denton "hollering and cussing" at Mrs. Yates and threatening to send her to the nursing home, that Ms. Denton ignored Mrs. Yates's calls on the monitors, that Ms. Denton spoke hatefully to Mrs. Yates and other employees, Ms. Denton's personal disagreeability, and opinions on Ms. Denton's care of Mrs. Yates. Ms. Denton's request is denied to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

9. Ms. Denton seeks to exclude evidence relating to Ms. Denton's allegedly bragging about living in Mrs. Yates's home after she died. That request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

10. Ms. Denton seeks to exclude evidence relating to what a bread bowl cost Mrs. Yates. That request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

11. Ms. Denton seeks to exclude evidence relating to whether Ms. Denton talked about suing defendants. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial. Given the nature of this evidence, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any purpose.

12. Ms. Denton seeks to exclude evidence related to pills being found in the Yates' house, Mrs. Yates's pain medicine being missing, that Ms. Denton was seeking drugs, that Ms. Denton was high on something, and any other reference to Ms. Denton abusing drugs. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Given the nature of this evidence, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any purpose.

13. Ms. Denton seeks to exclude evidence relating to the amount of insulin given to Mrs. Yates and inferences that Ms. Denton was trying to kill Mrs. Yates. That request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

14. Ms. Denton seeks to exclude evidence relating to Home Healthcare Services having protective health services come and get Mrs. Yates unless Ms. Denton was removed from the home. That request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

15. Ms. Denton seeks to exclude evidence relating to Ms. Denton asking Mr. Yates for money for herself. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. The Court raised with counsel at the pretrial the issue of how items allegedly taken from the Yates's residence or costs expended by the Yates could serve as compensation or setoff, when Ms. Denton was employed by defendants and not the Yates. Given the Court's concerns, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any other purpose.

16. Ms. Denton's request to exclude evidence relating to the alleged theft from Chris Carmody of $80.00 per week is denied.

17. Ms. Denton seeks to exclude evidence related to disciplinary actions against Ms. Denton, whether Mr. Yates intended to fire Ms. Denton, whether and why Ms. Denton was fired or terminated from employment with Conveyor Technology, and the circumstances relating to how Ms. Denton's employment with Conveyor Technology ended. Ms. Denton's request is denied to the extent such evidence relates to the amount of hours Ms. Denton worked and the performance of general household work. *See Smith v. Frac Tech. Servs., LLC*, No. 4:09CV679-JLH, *37 (E.D. Ark. Jan. 11, 2011). Defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

18. Ms. Denton seeks to exclude evidence relating to Ms. Denton asking Chris Carmody for extra money for extra hours. Ms. Denton's request is denied to the extent such evidence relates to the number of hours Ms. Denton worked, the performance of general

household work, and whether defendants knew she was working overtime. *See Reich v. Stewart*, 121 F.3d 400 (8th Cir. 1997).

19. Ms. Denton seeks to exclude evidence relating to Ms. Denton not having an active CNA license. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Given the nature of this evidence, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any purpose.

20. Ms. Denton seeks to exclude evidence relating to Ms. Denton not having any kind of power of attorney, guardianship, or legal authority for Mrs. Yates. Ms. Denton's request is granted. Such evidence is excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

21. Ms. Denton seeks to exclude evidence relating to Ms. Denton not having filed her taxes. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial to the extent such evidence is related to the number of hours Ms. Denton worked and the performance of general household work. Given the nature of this evidence, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any purpose.

22. Ms. Denton seeks to exclude evidence of Ms. Denton's pre- and post-Conveyor Technology places of employment, why Ms. Denton's employment with those employers ended, questions related to Ms. Denton's job duties at those employers, Ms. Denton's prior pay history,

6

and all other details of Ms. Denton's work at those employers.  Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial.  Given the nature of this evidence, defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence for any purpose.

23.     Ms. Denton seeks to exclude evidence concerning whether Ms. Denton has been a party to a lawsuit, filed for or receives social security disability, and/or filed for or received unemployment.  Ms. Denton's request is granted, *see Smith v. Frac Tech. Servs., LLC*, No. 4:09CV679-JLH, *37 (E.D. Ark. Jan. 11, 2011), except that defendants are not precluded from introducing or eliciting evidence relating to Ms. Denton's filing for or receiving social security disability.

24.     Ms. Denton seeks to exclude evidence relating to Ms. Denton's past arrests and convictions.  Federal Rules of Evidence 609 and 403 govern.  Evidence of criminal charges that did not result in a conviction is excluded.  The Court reserves ruling on Ms. Denton's arrest and conviction for writing hot checks.  The parties have not specified if the conviction was punishable by imprisonment of more than one year or whether the crime included as an element proving, or Ms. Denton admitting, a dishonest act or false statement.

25.     Ms. Denton seeks to exclude evidence relating to Ms. Denton's health insurance or lack of health insurance, her prescribed medications, and medical history and records.  Ms. Denton's request is denied to the extent such evidence relates to the amount of hours Ms. Denton worked and the performance of general household work.  Given the nature of this evidence, defendants should approach the bench before introducing or eliciting such evidence for any other purpose.

26. Ms. Denton seeks to exclude evidence relating to whether Ms. Denton complained about her lack of proper payment and when she decided to sue. Without having the context in which such evidence may be introduced, the Court will not preclude its introduction prior to trial. Defendants are directed to refrain from referring to such evidence in opening statement and to approach the bench before introducing or eliciting such evidence.

27. Ms. Denton seeks to exclude evidence relating to disagreements with Ms. Denton. Ms. Denton's request is denied to the extent such evidence relates to the number of hours Ms. Denton worked and the performance of general household work. Defendants should approach the bench before introducing such evidence for any other purpose.

28. Ms. Denton seeks to exclude evidence relating to rumors of the amount of money Ms. Denton is suing for. The Court understands that defendants do not intend to offer such evidence. Defendants should approach the bench before introducing or eliciting such evidence.

29. Ms. Denton seeks to exclude evidence relating to Ms. Denton's perceived character. Rule 404 of the Federal Rules of Evidence provides that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Ms. Denton refers the Court to Ms. Hardin's testimony that Ms. Denton was a "gold digger." Such evidence is excluded to the extent it is offered to prove that Ms. Denton acted in accordance with her character. Given the nature of such evidence, defendants should approach the bench before offering such evidence for any purpose.

* * *

Other than as stated above, the motion *in limine* is denied without prejudice to the right of counsel to object at trial. For the foregoing reasons, Ms. Denton's motion *in limine* is granted in part and denied in part.

SO ORDERED this 1st day of June, 2013.

_____
Kristine G. Baker
United States District Judge