**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GLORIA DENTON**                                                                               **PLAINTIFF**

**v.**                                         **No. 4:12CV00191 KGB**

**CONVEYOR TECHNOLOGY & COMPONENTS, INC.,
Individually and d/b/a CONVEYOR TECHNOLOGY
AND COMPONENTS, INC., and JUSTIN CARMODY**                      **DEFENDANTS**

## JUDGMENT

This matter came for jury trial on the 3rd day of June, 2013.  Plaintiff Gloria Denton appeared through her attorneys Vanessa Kinney and Cheslee Sizemore Mahan.  Defendants Conveyor Technology & Components, Inc., individually and d/b/a Conveyor Technology and Components, Inc. ("Conveyor Technology") and Justin Carmody appeared through their attorney Lloyd W. Kitchens III.  All parties announced ready for trial.  A jury of twelve was duly selected and sworn.

On June 6, 2013, the jury returned a verdict as follows:

## VERDICT ON GLORIA DENTON'S CLAIM

Your verdict on Gloria Denton's claim will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

Question No. 1:   Do you find that Gloria Denton has proved the elements located in Instruction No. 8?

Yes ____    No __X__
(Mark an "X" in the appropriate space)

**Note:** If you answered "No" to the above question, you should have your foreperson sign and date this form and turn it in because you have completed your deliberations on this claim. If you answered "Yes" to the above question, please proceed to Question Nos. 2-4.

Question No. 2:   Do you find for Conveyor Technology and Components, Inc. and Justin Carmody under Instruction No. 19 for the time period between October 17, 2010, and August 20, 2011?

Yes ____    No ____
(Mark an "X" in the appropriate space)

Question No. 3:   Do you find for Conveyor Technology and Components, Inc. and Justin Carmody under Instruction No. 19 for the time period between August 21, 2011, and November 19, 2011?

Yes ____    No ____
(Mark an "X" in the appropriate space)

Question No. 4:   Do you find for Conveyor Technology and Components, Inc. and Justin Carmody under Instruction No. 19 for the time period between November 20, 2011, and January 20, 2012?

Yes ____    No ____
(Mark an "X" in the appropriate space)

**Note:** If you answered "Yes" to Question Nos. 2, 3, and 4, you should have your foreperson sign and date this form because you have completed your deliberations on this claim. If you answered "No" to Question No. 2, 3, or 4, please proceed to Question No. 5.

Question No. 5: For each workweek on the attached table, state Gloria Denton's hours worked, as that term is defined in Instruction No. 9.

_____
(Number of hours worked)

**Note:** Proceed to Question No. 6.

Question No. 6: For each workweek on the attached table, state the amount that Gloria Denton should have been paid in minimum wage, as set forth in Instruction No. 16.

_____
(State the amount)

**Note:** Proceed to Question No. 7.

Question No. 7: For each workweek on the attached table, state the amount that Gloria Denton should have been paid in overtime compensation, as set forth in Instruction No. 17.

_____
(State the amount)

**Note:** Proceed to Question No. 8.

Question No. 8: For each workweek in the attached table, state the amount of wages that you find Gloria Denton was actually paid by Conveyor Technology and Components, Inc. and Justin Carmody.

_____
(State the amount)

**Note:** Proceed to Question No. 9.

Question No. 9: For each of the periods set forth below, state the amount of Gloria Denton's damages as that term is defined in Instruction No. 20:

$_____   for the time period between October 17, 2010, and August 20, 2011

$_____   for the time period between August 21, 2011, and November 19, 2011

$_____   for the time period between November 20, 2011, and January 20, 2012

**Note:**  Proceed to Question No. 10.

Question No. 10:    Do you find that Conveyor Technology and Component, Inc.'s and Justin Carmody's failure to pay minimum wage and/or overtime was willful as defined in Instruction No. 21?

Yes \_\_\_\_    No \_\_\_\_
(Mark an "X" in the appropriate space)

_____*/s/ Tiffany O'Dwyer*_____
Foreperson

Date:  6-6-13

| Workweek Beginning Date | Workweek Ending Date | Hours Worked | Minimum Wage That Should Have Been Paid | Overtime Compensation That Should Have Been Paid | Wages Actually Paid |
|---|---|---|---|---|---|
| 10/17/2010 | 10/23/2010 | | | | |
| 10/24/2010 | 10/30/2010 | | | | |
| 10/31/2010 | 11/6/2010 | | | | |
| 11/7/2010 | 11/13/2010 | | | | |
| 11/14/2010 | 11/20/2010 | | | | |
| 11/21/2010 | 11/27/2010 | | | | |
| 11/28/2010 | 12/4/2010 | | | | |
| 12/5/2010 | 12/11/2010 | | | | |
| 12/12/2010 | 12/18/2010 | | | | |
| 12/19/2010 | 12/25/2010 | | | | |
| 12/26/2010 | 1/1/2011 | | | | |
| 1/2/2011 | 1/8/2011 | | | | |
| 1/9/2011 | 1/15/2011 | | | | |
| 1/16/2011 | 1/22/2011 | | | | |
| 1/23/2011 | 1/29/2011 | | | | |
| 1/30/2011 | 2/5/2011 | | | | |
| 2/6/2011 | 2/12/2011 | | | | |
| 2/13/2011 | 2/19/2011 | | | | |
| 2/20/2011 | 2/26/2011 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 2/27/2011 | 3/5/2011 | | | | |
| 3/6/2011 | 3/12/2011 | | | | |
| 3/13/2011 | 3/19/2011 | | | | |
| 3/20/2011 | 3/26/2011 | | | | |
| 3/27/2011 | 4/2/2011 | | | | |
| 4/3/2011 | 4/9/2011 | | | | |
| 4/10/2011 | 4/16/2011 | | | | |
| 4/17/2011 | 4/23/2011 | | | | |
| 4/24/2011 | 4/30/2011 | | | | |
| 5/1/2011 | 5/7/2011 | | | | |
| 5/8/2011 | 5/14/2011 | | | | |
| 5/15/2011 | 5/21/2011 | | | | |
| 5/22/2011 | 5/28/2011 | | | | |
| 5/29/2011 | 6/4/2011 | | | | |
| 6/5/2011 | 6/11/2011 | | | | |
| 6/12/2011 | 6/18/2011 | | | | |
| 6/19/2011 | 6/25/2011 | | | | |
| 6/26/2011 | 7/2/2011 | | | | |
| 7/3/2011 | 7/9/2011 | | | | |
| 7/10/2011 | 7/16/2011 | | | | |
| 7/17/2011 | 7/23/2011 | | | | |

| 7/24/2011 | 7/30/2011 | | | | |
|---|---|---|---|---|---|
| 7/31/2011 | 8/6/2011 | | | | |
| 8/7/2011 | 8/13/2011 | | | | |
| 8/14/2011 | 8/20/2011 | | | | |
| 8/21/2011 | 8/27/2011 | | | | |
| 8/28/2011 | 9/3/2011 | | | | |
| 9/4/2011 | 9/10/2011 | | | | |
| 9/11/2011 | 9/17/2011 | | | | |
| 9/18/2011 | 9/24/2011 | | | | |
| 9/25/2011 | 10/1/2011 | | | | |
| 10/2/2011 | 10/8/2011 | | | | |
| 10/9/2011 | 10/15/2011 | | | | |
| 10/16/2011 | 10/22/2011 | | | | |
| 10/23/2011 | 10/29/2011 | | | | |
| 10/30/2011 | 11/5/2011 | | | | |
| 11/6/2011 | 11/12/2011 | | | | |
| 11/13/2011 | 11/19/2011 | | | | |
| 11/20/2011 | 11/26/2011 | | | | |
| 11/27/2011 | 12/3/2011 | | | | |
| 12/4/2011 | 12/10/2011 | | | | |
| 12/11/2011 | 12/17/2011 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 12/18/2011 | 12/24/2011 | | | | |
| 12/25/2011 | 12/31/2011 | | | | |
| 1/1/2012 | 1/7/2012 | | | | |
| 1/8/2012 | 1/14/2012 | | | | |
| 1/15/2012 | 1/21/2012 | | | | |

**VERDICT ON JUSTIN CARMODY'S CLAIM**

Your verdict on Justin Carmody's claim will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

Question No. 1: Do you find that that Justin Carmody has proved the elements located in Instruction No. 22?

Yes <u> X </u>     No <u>    </u><br>(Mark an "X" in the appropriate space)

**Note:** If you answered "No" to the above question, you should have your foreperson sign and date this form and turn it in because you have completed your deliberations on this claim. If you answered "Yes" to the above question, please proceed to Question Nos. 2-3.

Question No. 2: State the amount of Justin Carmody's compensatory damages:

$<u>9,225.00     </u>

Question No. 3: State the amount of Justin Carmody's punitive damages as set forth in Instruction No. 23:

$<u>15,000.00   </u>

<u>     /s/ Tiffany O'Dwyer                    </u><br>Foreperson

Date: <u>6-6-13        </u>

Judgment is entered on the jury's verdict in favor of Conveyor Technology and Justin Carmody and against Gloria Denton in the amount of $24,225.00, together with post-judgment interest at the rate of 0.14% per annum from the date of the Judgment until paid.[1]

SO ORDERED this 7th day of June, 2013.

_____
Kristine G. Baker
United States District Judge

---

[1] Counsel for Gloria Denton made an oral motion to set aside the verdict after it was announced. The Court has that motion under advisement and, as indicated in open court, will accept briefing on the issues raised in the motion. *See generally Presutti v. FDIC*, 24 Fed. Appx. 92, 94 (2d Cir. 2001); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 585 F.2d 821, 846 (7th Cir. 1978).