IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLORIA DENTON                                                                                         PLAINTIFF

v.                                    Case No. 4:12-cv-00191 KGB

CONVEYOR TECHNOLOGY & COMPONENTS, INC.,                        DEFENDANTS
Individually and d/b/a CONVEYOR TECHNOLOGY
AND COMPONENTS, INC., and JUSTIN CARMODY

## ORDER

The trial of this matter resulted in a jury verdict in favor of separate defendant Justin Carmody on his counterclaim for fraud. After the verdict on the counterclaim for fraud was announced, counsel for plaintiff Gloria Denton orally moved to set aside the verdict. Ms. Denton has filed a brief in support of her renewed motion for judgment as a matter of law and to set aside judgment (Dkt. No. 95). Mr. Carmody has responded (Dkt. No. 98), and Ms. Denton has filed a reply (Dkt. No. 99). For the following reasons, Ms. Denton's renewed motion for judgment as a matter of law and to set aside judgment on the counterclaim for fraud is granted.

I.   **Applicable Standard**

Judgment as a matter of law should be rendered when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). "A motion for judgment as a matter of law is a challenge to the sufficiency of the evidence." *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 621 (8th Cir. 2003) (quoting *Yannacopoulos v. Gen. Dynamics Corp.*, 75 F.3d 1298, 1302 (8th Cir. 1996)). When considering a motion for judgment as a matter of law, the Court must resolve direct factual conflicts in favor of the nonmovant, assume as true all facts supporting the nonmovant which the evidence tended to prove, give the nonmovant the benefit of all reasonable

inferences, and deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. *Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 770 (8th Cir. 2004). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party." *Howard v. Missouri Bone & Joint Cntr., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010).

**II.     Analysis**

Ms. Denton contends that Mr. Carmody failed to offer any testimony or evidence of damages. In Arkansas, fraud consists of (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient information upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) resulting damage. *Brennan v. Wadlow*, 372 Ark. 50, 54, 270 S.W.3d 831, 834 (2008).

Mr. Carmody's fraud claim was based on the allegation that Ms. Denton falsified her time and was paid for hours she did not work (Dkt. No. 5, at 10–11). Paystubs admitted into evidence show that separate defendant Conveyor Technology & Components, Inc., paid Ms. Denton's wages. Mr. Carmody testified on cross examination that he did not pay any of Ms. Denton's wages out of his own pocket.

While Conveyor Technology & Components, Inc., is wholly owned by Mr. Carmody, "[i]t is axiomatic that a corporation is an entity separate from its stockholders." *Calandro v. Parkerson*, 327 Ark. 131, 136, 936 S.W.2d 755, 758 (1997). Based on the evidence and testimony presented, the Court agrees with Ms. Denton that any damages under the theory that Ms. Denton was paid for hours she did not work would have been sustained by separate defendant Conveyor Technology & Components, Inc., not Mr. Carmody.

In his response to Ms. Denton's renewed motion, Mr. Carmody contends that the time he spent investigating Ms. Denton, driving to Clarksville to confront Ms. Denton, and attempting to manage Ms. Denton's care of his mother constitutes "lost opportunity" damages under *Holiday Inn Franchising, Inc. v. Hotel Assocs., Inc.*, 2011 Ark. App. 147, 382 S.W.3d 6 (2011).

The Court agrees with Ms. Denton that inherent in a lost opportunity fraud claim is the idea that the victim of the alleged fraud lost an opportunity to do something other than what was done in reliance on the fraud. In *Holiday Inn*, the victim of the fraud testified that, had he not acted in reliance on the fraudulent behavior of the opposing party, he would have sold his hotel for $10,000,000.00 more than he did and was awarded damages for this "lost opportunity." 2011 Ark. App. 147, 382 S.W.3d at 16 (2011), *reh'g denied* (Apr. 6, 2011), *cert. denied*, 132 S. Ct. 1768 (2012). Mr. Carmody provided no evidence regarding what opportunity was lost as a result of his time spent investigating, confronting, and managing Ms. Denton. Based on the evidence and testimony presented, he has also proved no personal damages as part of his fraud claim. As such, there is no basis for the damages awarded by the jury to Mr. Carmody.

The Court concludes that there is no legally sufficient evidentiary basis for a reasonable jury to find for Mr. Carmody on his fraud claim against Ms. Denton. Accordingly, Ms. Denton is entitled to judgment as a matter of law on Mr. Carmody's fraud claim. Without an award of compensatory damages, the jury's award of punitive damages must also be set aside. *See Elliot v. Hurst*, 307 Ark. 134, 141, 817 S.W.2d 877, 881 (1991) ("Of course, the law is settled that exemplary or punitive damages are dependent upon the recovery of actual damages.").

\* \* \*

For the foregoing reasons, Ms. Denton's renewed motion for judgment as a matter of law and to set aside judgment on the counterclaim for fraud is granted (Dkt. No. 95), and the Court

will enter judgment for Ms. Denton on the counterclaim for fraud, notwithstanding the jury's verdict (Dkt. No. 94).

SO ORDERED this 20th day of December, 2013.

_____
Kristine G. Baker
United States District Judge